**FILED**

**JANUARY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **URB, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **STARTREHAB, INC., ROBERT** | ) | |
| **BINGHAM and GREGORY BINGHAM,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**08 C 582**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE BROWN**

### COMPLAINT

Plaintiff Urb, Inc. ("Urb"), for its Complaint against the Defendants StartRehab, Inc. ("StartRehab"), Robert Bingham ("Bob Bingham") and Gregory Bingham ("Greg Bingham") alleges as follows:

### INTRODUCTION

1.      This Complaint arises from StartRehab's improper and unauthorized use of Urb's trademarks amounting to a violation of the Lanham Act, deceptive trade practices, unjust enrichment and breach of oral contract.  StartRehab's unauthorized use of Urb's trademarks is likely to cause confusion among potential real estate buyers unless StartRehab is preliminarily and permanently enjoined from further infringement.  Urb also seeks monetary damages for injury it has already suffered at the hands of StartRehab's actions amounting to a violation of the Lanham Act, deceptive trade practices, unjust enrichment and breach of oral contract.

### THE PARTIES

2.      Plaintiff Urb, Inc. is an Illinois corporation incorporated in 1988 with its principal office in Lincolnwood, Cook County, Illinois.

3.      Urb is engaged in the business of buying real property and selling real property

1

for the purposes of rehabilitation.

4.      Urb is the owner of the trademarks Urb, Inc. and Urb, Inc. and design ("the URB INC trademarks").

5.      Defendant StartRehab is an Illinois corporation incorporated in June 2002, with its principal office in Cook County, Illinois.

6.      Like Urb, StartRehab is engaged in the business of buying real property and selling real property for the purposes of rehabilitation.

7.      Defendant Greg Bingham is the President of StartRehab, Inc.

8.      Defendant Bob Bingham is the Technical contact and Administrator for the domain names urbinc.com and urbonline.com.

9.      SR is listed as the registrant for the domain names urbinc.com and urbonline.com. Upon information and belief, "SR" stands for StartRehab, and thus StartRehab is the registrant for the domain names urbinc.com and urbonline.com.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, & 1338 and, with respect to certain claims, supplemental jurisdiction under 28 U.S.C. § 1367.

11.     This case involves the transaction of business in this District and the performance of a contract or promise substantially connected with this District and Division, namely Chicago, Illinois, in Cook County.

12.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

### The URB INC trademarks

13.     Urb is widely known as URB, which is a corporation that sells real estate

2

properties to the public for investment purposes in Chicago and the surrounding suburbs.

14.     For over 20 years, Urb has used the URB INC trademarks in connection with the business of selling real estate properties in and around the Chicago area.  The URB INC trademarks are inherently distinct and serve to identify Urb as the single source provider of its real estate services in Chicago.

15.     URB has developed substantial goodwill in its URB INC trademarks, including the expenditure of substantial sums of money over the last 20 years, to develop goodwill as URB.

16.     In addition, the URB INC trademarks have achieved secondary meaning in the marketplace in the last 20 years through extensive marketing of the business.

17.     As a result, consumers in the Chicago area recognize Urb as the single source provider of its real estate services.

18.     Although the value of the goodwill developed in the URB INC trademarks cannot be precisely calculated, the value of Urb's goodwill is substantial.

**The Affiliation Between the Parties**

19.     As early as 1985, Urb conducted its real estate business in the Chicago area. Beginning on or about 1999, Urb and Greg Bingham agreed to share offices located on Old Orchard Road in Skokie, Illinois in order to embark upon joint marketing efforts of Urb's real property business.

20.     Urb and Greg Bingham later shared offices at 7303 S. Cicero, Lincolnwood, Illinois while continuing their joint marketing efforts.  Urb was the named leaseholder of the offices 7303 S. Cicero, Lincolnwood, Illinois.

21.     The marketing tools included services such as newspaper advertisements, direct

mailings, telephone marketing, internet marketing and television and radio advertisements.

22. Greg Bingham explicitly agreed to pay for his portion of the marketing and advertising resources used to further his real estate business through the urbinc.com website and other marketing resources.

23. The cost of this marketing conducted prior to August 2006 totaled approximately $400,000.

24. Although no formal partnership or written agreement was ever executed between the entities, Urb and Greg Bingham agreed by oral contract to create an Urb website with the domain name urbinc.com for Urb's benefit.

25. On or about June 1999, Bob Bingham registered the domain name urbinc.com. Urb expected Bob Bingham to register the domain name urbinc.com for Urb's use and to designate Urb as the registrant. Unbeknownst to Urb, the domain name was not registered in Urb's name. Urb did not give Bob Bingham permission to register the domain name under any other entity's name.

26. To the extent that Greg Bingham and/or Bob Bingham was allowed to use the URB INC trademarks, it did so solely based on a limited oral or implied license from Urb.

27. Greg Bingham and/or Bob Bingham understood that the oral or implied license would terminate if the parties no longer shared offices and/or associated with one another.

28. Greg Bingham incorporated StartRehab in 2002 and continued to share offices and marketing tools with Urb.

### Defendants' Acts of Infringement and Unfair Competition

29. Greg Bingham and/or Bob Bingham's limited license relative to the URB INC trademarks was terminated when the parties ceased to share offices and ceased their association

4

with one another in August 2006.

30.     Notwithstanding the termination of Greg Bingham and/or Bob Bingham's oral and/or implied license to use the URB INC trademarks prior to August 2006, Bob Bingham, Greg Bingham and StartRehab commenced using the URB trademark without authorization to do so, in violation of Urb's trademark rights.

31.     StartRehab has infringed upon the URB INC trademarks and attempted to trade on the goodwill associated with those marks.

32.     Upon information and belief, StartRehab uses the URB INC trademarks in its marketing for StartRehab, without license or permission.

33.     StartRehab currently owns and uses the domain names urbinc.com and urbonline.com. The websites connected to those domain names redirect website visitors to an active web site that advertises StartRehab's business to consumers who are likely to encounter or to have encountered Urb in the past.

## COUNT I – SECTION 43(c) OF THE LANHAM ACT

(Against Bob Bingham, Greg Bingham and StartRehab)

34.     Urb repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 33 of the Complaint.

35.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

36.     Defendants actions, namely marketing, promoting, and engaging in real estate

5

sales, through and with the URB INC trademarks, constitute (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact, which have caused confusion, mistake, or deception, as to the affiliation of StartRehab with Urb, and Urb's sponsorship or approval of the services provided by StartRehab, all in violation of section 43(a) of the Lanham Act.

37.    Defendants' intentional acts of infringement in violation of section 43(a) were committed with knowledge of Urb's use and rights to the URB INC trademark, and were undertaken and continued with an intent to cause confusion, mistake and deception of the consuming public. StartRehab's commission of such acts with knowledge of Urb's rights constitutes a willful violation of section 43(a) of the Lanham Act.

38.    On information and belief, Bob Bingham personally participated and was and is the central figure in the acts complained of herein.

39.    Defendants' acts of infringement have caused injury to Urb, including but not limited to loss of sales, profits, business reputation and goodwill, and likelihood that its reputation as a source of high quality real estate sales services will be diminished. The amount of the damages to Urb is yet to be determined.

## COUNT II – UNJUST ENRICHMENT

### (Against Bob Bingham)

40.    Urb repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 39 of the Complaint.

41.    Bob Bingham wrongfully intends to divert consumers seeking Urb to StartRehab's site, either for commercial gain or with the intent to tarnish or disparage Urb's business name and reputation, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the StartRehab business.

42.    All Defendants have benefited from Bob Bingham's wrongful and unauthorized use of the URB INC trademarks after Greg Bingham and StartRehab ceased to share offices and affiliate with Urb, and has not paid any commission or other fees to Urb in return for that benefit.

43.    The consuming public is advantaged by the prevention of unfair competition, deceptive acts and the protection of long-earned name recognition and reputation.    The consuming public also will be advantaged by a strong, yet lawful, competition in the real property marketplace and should not be deprived of such competition by the unlawful and unfair advantage that StartRehab would gain through violating Illinois consumer law and through improperly exploiting and using Urb's name and reputation against it.

44.    Bob Bingham's failure to compensate Urb for the benefits received for its use of the URB INC trademarks constitutes unjust enrichment and has damaged Urb.

## COUNT III: DECEPTIVE PRACTICES

(Against Greg Bingham, Bob Bingham and StartRehab)

45.    Urb repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 44 of the Complaint.

46.    Bob Bingham's, Greg Bingham's and StartRehab's actions constitute deceptive trade practices under the Uniform Deceptive Trade Act (815 ILCS 510/2):

(a)    A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

(1)    passes off goods or services as those of another;

(2)    causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)    causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

(4)    uses deceptive representations or designations of geographic origin in connection with goods or services;

7

(5)    represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

(8)    disparages the goods, services, or business of another by false or misleading representation of fact;

* * *

(12)    engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

815 ILCS 510/2.

47.    Bob Bingham, Greg Bingham and StartRehab are intentionally participating in commerce by hijacking the popularity of Urb and directing unwitting Urb URL searchers to StartRehab's website.

48.    Bob Bingham and Greg Bingham purposely use the domain names urbinc.com and urbonline.com to deceive consumers.

49.    Bob Bingham and Greg Bingham intend to misrepresent that StartRehab is related to, affiliated with, or synonymous with Urb.

50.    These misrepresentations to the public cause a strong likelihood of confusion due to the suggestion that Urb is affiliated with StartRehab.

51.    There is a strong likelihood of confusion due to the similarity of the nature of Urb business because Urb once operated a commercial website at urbinc.com.

52.    There is a strong likelihood of confusion due to the concurrent use of StartRehab's domain names and Urb's domain names urbonline.us and urbonline.net.

53.    There is a strong likelihood of confusion due to the degree of care likely to be exercised by consumers.

54.    There is a strong likelihood of confusion due to the strength of Urb's name in the

Chicago area.

55.    There is actual confusion for anyone that visits the domain name and is redirected to the StartRehab website.

56.    Bob Bingham's, Greg Bingham's and StartRehab's deceptive practices have damaged Urb.

## COUNT IV: BREACH OF ORAL CONTRACT

### (Against Greg Bingham)

57.    Urb repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 56 of the Complaint.

58.    Between June 1999 and August 2006, Greg Bingham entered into an oral agreement with Urb pursuant to which Urb shared marketing and advertising resources with Greg Bingham.

59.    Pursuant to that agreement, Greg Bingham was required to make certain payments, as and when due, for the use of the marketing services provided by Urb.

60.    Greg Bingham was aware of the marketing services conducted on its behalf and did not object to the costs or services.

61.    Greg Bingham reaped the benefit of the marketing services in the form of name recognition and an increased customer base.

62.    Greg Bingham failed to make the payments required by the agreement as and when due and there exists a debt in the amount of no less than $200,000.00.

63.    By letter dated October 4, 2006 Urb gave notice to Greg Bingham of its default of the agreement.    StartRehab failed to cure the default.    A true and correct copy of the correspondence dated October 4, 2006 is attached hereto as Exhibit A.

64.    By letter dated October 31, 2007, Urb again gave notice to Greg Bingham of its

9

default of the agreement.  In its letter dated October 31, 2007, Urb provided StartRehab 15 days to cure said default.  StartRehab failed to cure the default.  A true and correct copy of the correspondence dated October 31, 2007 is attached hereto as <u>Exhibit B.</u>

65.    Greg Bingham's failure to pay the outstanding amount of the costs constitutes breach of contract.  Urb has been damaged by Greg Bingham's breach in an amount not less than $200,000.00, plus interest and expenses.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, as a result of the unlawful acts of the Defendants set forth in each of the Counts above, plaintiff Urb prays for the entry of judgment against Defendants Greg Bingham, Bob Bingham and StartRehab:

(1)    Ordering that Defendants account to Urb for any and all revenue derived as a result of marketing, promoting, or selling real estate through the urbinc.com and urbonline.com websites, at any time, and with the URB INC trademarks;

(2)    Ordering that Defendants account to Urb for any and all profits derived as a result of marketing or promoting its businesses through or with the URB INC trademarks since August 2006;

(3)    Granting an award of damages in favor of Urb and against Defendants for:

(a)    Damages to compensate Urb for Defendants' unjust enrichment by his unauthorized use of the URB INC trademarks following the non-affiliation date together with interest, attorneys' fees and costs; and

(b)    Damages, to be trebled, caused by Defendants' unauthorized use of the URB INC trademarks following the non-affiliation date of August 2006, together with interest, attorneys' fees and costs.

10

(c)    Damages not less than $200,000, plus interest and expenses for

Greg Bingham's breach of contract.

(4)    Granting such other compensatory damages, attorneys' fees, prejudgment

interest, cost of suit and such other and further relief as this Court shall deem just and proper.


Dated:  January 25, 2008                    URB, INC.

                                            By: /s/ William E. Meyer
                                            One of Its Attorneys

                                            William E. Meyer, Jr.
                                            Marla R. Shade
                                            SCHIFF HARDIN LLP
                                            6600 Sears Tower
                                            Chicago, Illinois 60606
                                            (312) 258-5500 (telephone)
                                            (312) 258-5600 (fax)
                                            wmeyer@schiffhardin.com
                                            mshade@schiffhardin.com

# Exhibit A



William E. Meyer, Jr.
(312) 258-5526
wmeyer@schiffhardin.com

6600 Sears Tower
Chicago, Illinois   60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

**PRIVILEGED SETTLEMENT
COMMUNICATION**

October 4, 2006

**VIA EMAIL SCAN – gbingham7303@aol.com and U.S. Mail**

Mr. Greg Bingham
7303 N. Cicero
Suite B
Lincolnwood, IL  60712

**VIA U.S. MAIL ONLY**

Elaina V. Tramel, Esq.
628 Martin Lane
Deerfield, IL 60015

Re:    **Start Rehab, Inc. and URB, Inc.**

Dear Mr. Bingham and Ms. Tramel:

        I write at Mr. Bingham's instruction to him directly, and copy Ms. Tramel as I understand that while she is Mr. Bingham's attorney for some purposes (i.e. real estate closings), she is not representing him for the purpose of the matters raised in this letter, but may do so after Mr. Bingham reviews this letter.

        As you know, my firm represents URB, Inc.  This letter is made in the context of settling a controversy between my client and Start Rehab, Inc., its employees and agents (including Mr. Bingham) (collectively "Start Rehab").  This communication carries privileges under applicable law as a settlement communication, and you should treat it as such. Additionally, this letter is based upon a preliminary investigation of the controversy between the parties.  Our investigation continues, and there may be more matters which need to be addressed, or more specific details to be addressed about the matters raised herein.  However, it is the intent of this letter to open discussions that will lead to a prompt and amicable resolution of all issues between the parties.  The matter is urgent because URB, Inc. is suffering irreparable and immediate harm.

SCHIFFHARDIN LLP

Mr. Greg Bingham
Ms. Elaina V. Tramel
October 4, 2006
Page 2

My understanding is that Start Rehab, Inc. and URB, Inc. have recently terminated a business relationship between the two companies. My further understanding is that the relationship included mutual / cooperative utilization of certain phone services, internet services, computer resources, and advertising. Advertising expenses were shared on a percentage basis. Since the termination, my client has informed me that Start Rehab has:

1. Failed to reimburse over $190,000 in advertising expenses due and owing from Start Rehab to URB, Inc. (this does not include September amounts owed);

2. Improperly appropriated / blocked access to Urb, Inc. phone services and resources, including a "Who's Calling" service;

3. Improperly appropriated / blocked access to Urb, Inc. internet resources; and

4. Destroyed / attempted destruction of business information, including customer information, on Urb, Inc. computers.

Please call me to address these matters, so that we may effect a fair and amicable transition for the parties from their former relationship. Please also understand, however, that due to the seriousness of the conduct at issue, and the continuing, irreparable harm my client is suffering, it is imperative we address these issues immediately, or we will be forced to initiate legal action to protect URB, Inc.'s rights.

Very truly yours,

William E. Meyer, Jr.

# Exhibit B



William E. Meyer, Jr.
(312) 258-5526
wmeyer@schiffhardin.com

6600 SEARS TOWER
CHICAGO, ILLINOIS  60606
*t* 312.258.5500
*f* 312.258.5600
www.schiffhardin.com

**PRIVILEGED SETTLEMENT**
**COMMUNICATION**

October 31, 2007

**VIA EMAIL SCAN – tcornell@stahlcowen.com**
**and Certified Mail, Return Receipt Requested**

Trent P. Cornell, Esq.
Stahl Cowen Crowley LLC
55 West Monroe Street
Suite 1200
Chicago, IL  60603

      **Re:**   *URB, Inc. v. Bingham d/b/a StartRehab*

Dear Mr. Cornell:

      We represent URB, Inc., and we are writing you as the last-known attorney of Gregory Bingham.  We ask that you confirm that you represent Mr. Bingham in the matters discussed below – or 1) identify who does; or 2) confirm Mr. Bingham is unrepresented so we may contact him directly.

      URB, Inc. ("URB") is the owner of the registered business name URB, Inc., and other marks pertaining to the business commonly known as URB, Inc.  As Mr. Bingham is well aware, URB uses this mark in conjunction with the purchase and sale of real estate in the Chicago, Illinois metropolitan area, and has been doing so for well over a decade.  URB also once operated a commercial website at www.urbinc.com.

      Despite prior requests that Mr. Bingham cease and desist, he has wrongfully seized, and continues to hold, the domain name www.urbinc.com, in violation of the Anti-cybersquatting Consumer Protection Act of 1999, which is embodied in the Lanham Act.  Web browsers typing in the address www.urbinc.com are immediately redirected to the website for Mr. Bingham's business, Start Rehab.  In sum, Mr. Bingham is intentionally participating in commerce by hijacking the goodwill of URB, both by using a mark that is confusingly similar to URB, and by directing unwitting website visitors to his own website.

 SCHIFFHARDIN

Mr. Trent Cornell
October 31, 2007
Page 2

It is also clear that Mr. Bingham's use of the domain name is intended to (and actually does) confuse and misdirect customers seeking URB's website. This activity is actionable under numerous provisions of state and federal law.

Further, as we have stated before, Mr. Bingham owes URB approximately $200,000 in marketing costs.

We are setting a deadline of November 16 for opening dialogue and a meaningful response from Mr. Bingham and/or his counsel. Should we fail to hear by then, URB will file a lawsuit against Mr. Bingham and Start Rehab, seeking (among other relief): (i) an injunction from the complained-of-conduct; (ii) money damages; (iii) compensation equal to ill-obtained profits; (iv) reimbursement for attorney's fees; and (v) a court order that Bingham transfer the www.urbinc.com domain name, and compensate URB for damages to its goodwill.

Please advise of your response.

Very truly yours,

William E. Meyer, Jr.

WEM:pdp