**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| URB, INC. | ) | |
|     Plaintiff, | ) | |
| v. | ) | Civil Action No. 08 C 582 |
| | ) | |
| STARTREHAB, INC., ROBERT | ) | |
| BINGHAM and GREGORY BINGHAM, | ) | Judge Joan B. Gottschall |
| Individually, | ) | |
|     Defendants. | ) | Magistrate Judge Geraldine Soat Brown |
| _____ | ) | |
| | ) | |
| PIONEER SERVICES, LLC and | ) | |
| 7303 INCORPORATED | ) | |
| d/b/a STARTREHAB, INC. | ) | |
|     Counter-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| URB, INC., XEZ, Inc., and | ) | |
| ANTHONY URBANOWSKI, | ) | |
|     Counter-Defendants. | ) | |

## GREGORY BINGHAM'S ANSWER

1.    Defendant, Gregory Bingham, by and through his attorneys, Offices of Catherine Simmons-Gill, LLC, answers the complaint of Urb, Inc. ("Urb" or "Plaintiff") as follows: Gregory Bingham admits that the complaint of Urb, Inc. alleges violation of the Lanham Act, deceptive trade practices, unjust enrichment and breach of oral contract and that the complaint alleges that plaintiff seeks damages.  Gregory Bingham denies all other allegations of paragraph 1 of the complaint.

2.    Gregory Bingham is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the complaint, and therefore denies said allegations.

3.      Gregory Bingham is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the complaint, and therefore denies said allegations.

4.       Gregory Bingham denies the allegations of paragraph 4 of the complaint.

5.      Gregory Bingham denies the allegations of paragraph 5 of the complaint.

6.      Gregory Bingham admits that the terms "StartRehab" and the d/b/a "StartRehab, Inc." were and used as advertising devices in connection with the sales of real estate. Gregory Bingham denies all other allegations of paragraph 6 of the complaint.

7.      Gregory Bingham denies the allegations of paragraph 7 of the complaint.

8.      Gregory Bingham admits that Robert Bingham is listed as the technical contact and the administrative contact for the domain names urbinc.com and urbonline.com. Gregory Bingham denies all other allegations of paragraph 8 of the complaint.

9.      Gregory Bingham admits that SR is the name of the present registrant of the domain names urbinc.com and urbonline.com. Gregory Bingham denies all other allegations of paragraph 9 of the complaint.

10.       Gregory Bingham admits that the court has subject matter jurisdiction over actions under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1338 and that the court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367. Gregory Bingham denies all other allegations of paragraph 10 of the complaint.

11.      Gregory Bingham admits that the allegations of the complaint refer to activities allegedly taking place within this district and denies all other allegations of paragraph 11 of the complaint.

12.     Gregory Bingham admits the allegations of paragraph 12 of the complaint.

13.     Gregory Bingham denies the allegations of paragraph 13 of the complaint.

14.     Gregory Bingham denies the allegations of paragraph 14 of the complaint.

15.     Gregory Bingham denies the allegations of paragraph 15 of the complaint.

16.     Gregory Bingham is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the complaint, and therefore denies said allegations.

17.     Gregory Bingham is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the complaint, and therefore denies said allegations.

18.     Gregory Bingham denies the allegations of paragraph 18 of the complaint.

19.     Gregory Bingham admits that as an officer of various corporations, including Pioneer Services LLC and 7303 Incorporated, he conducted business at a residential apartment on Old Orchard in Skokie, Illinois. Gregory Bingham is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 19 of the complaint, and therefore denies said allegations. Gregory Bingham denies all other allegations of paragraph 19 of the complaint.

20.     Gregory Bingham denies the allegations of paragraph 20 of the complaint.

21.     Gregory Bingham admits that the joint venture of SKM, Inc. succeeded by XEZ, Inc. on the one hand and Pioneer Services LLC on the other hand used the following marketing tools: newspaper advertisements, direct mailings, internet marketing and television and radio

advertising.  Gregory Bingham denies all other allegations of paragraph 21 of the complaint.

22. Gregory Bingham denies the allegations of paragraph 22 of the complaint.

23. Gregory Bingham denies the allegations of paragraph 23 of the complaint.

24. Gregory Bingham denies the allegations of paragraph 24 of the complaint.

25. Gregory Bingham admits that on or about June 1999, Robert Bingham registered the domain name urbinc.com.  Gregory Bingham denies all other allegations of paragraph 25 of the complaint.

26. Gregory Bingham denies the allegations of paragraph 26 of the complaint.

27. Gregory Bingham denies the allegations of paragraph 27 of the complaint.

28. Gregory Bingham denies the allegations of paragraph 28 of the complaint.

29. Gregory Bingham denies the allegations of paragraph 29 of the complaint.

30. Gregory Bingham denies the allegations of paragraph 30 of the complaint.

31. Gregory Bingham denies the allegations of paragraph 31 of the complaint.

32. Gregory Bingham denies the allegations of paragraph 32 of the complaint.

33. Gregory Bingham denies the allegations of paragraph 33 of the complaint.

34. Gregory Bingham repeats and realleges his responses to paragraphs 1-33 of the complaint as if they were fully stated herein.

35. Gregory Bingham admits the allegations of paragraph 35 of the complaint.

36. Gregory Bingham denies the allegations of paragraph 36 of the complaint.

37. Gregory Bingham denies the allegations of paragraph 37 of the complaint.

38. Gregory Bingham denies the allegations of paragraph 38 of the complaint.

39. Gregory Bingham denies the allegations of paragraph 39 of the complaint.

40. Gregory Bingham repeats and realleges the responses to paragraphs 1-39 of the complaint as if they were fully stated herein. Gregory Bingham further answers that he is not alleged to be a defendant with respect to the claims of Count II of the complaint alleged in Paragraphs 41-44.

41. Gregory Bingham denies the allegations of paragraph 41 of the complaint. Gregory Bingham further answers that he is not alleged to be a defendant with respect to the claims of Count II of the complaint alleged in Paragraphs 41-44.

42. Gregory Bingham denies the allegations of paragraph 42 of the complaint. Gregory Bingham further answers that he is not alleged to be a defendant with respect to the claims of Count II of the complaint alleged in Paragraphs 41-44.

43. Gregory Bingham denies the allegations of paragraph 43 of the complaint. Gregory Bingham further answers that he is not alleged to be a defendant with respect to the claims of Count II of the complaint alleged in Paragraphs 41-44.

44. Gregory Bingham denies the allegations of paragraph 44 of the complaint. Gregory Bingham further answers that he is not alleged to be a defendant with respect to the claims of

Count II of the complaint alleged in Paragraphs 41-44.

45. Gregory Bingham repeats and realleges the responses to paragraphs 1-44 of the complaint as if they were fully stated herein.

46. Gregory Bingham denies the allegations of paragraph 46 of the complaint.

47. Gregory Bingham denies the allegations of paragraph 47 of the complaint.

48. Gregory Bingham denies the allegations of paragraph 48 of the complaint.

49. Gregory Bingham denies the allegations of paragraph 49 of the complaint.

50. Gregory Bingham denies the allegations of paragraph 50 of the complaint.

51. Gregory Bingham denies the allegations of paragraph 51 of the complaint.

52. Gregory Bingham denies the allegations of paragraph 52 of the complaint.

53. Gregory Bingham denies the allegations of paragraph 53 of the complaint.

54. Gregory Bingham denies the allegations of paragraph 54 of the complaint.

55. Gregory Bingham denies the allegations of paragraph 55 of the complaint.

56. Gregory Bingham denies the allegations of paragraph 56 of the complaint.

57. Gregory Bingham repeats and realleges the responses to paragraphs 1-56 of the complaint as if they were fully stated herein.

58.	Gregory Bingham denies the allegations of paragraph 58 of the complaint.

59.	Gregory Bingham denies the allegations of paragraph 59 of the complaint.

60.	Gregory Bingham admits that he was aware of the marketing services conducted by the joint venture between SKM, Inc. succeeded by XEZ, Inc. on the one hand, and Pioneer Services LLC on the other hand, and did not object to the cost of those services. Gregory Bingham denies all other allegations of paragraph 60 of the complaint.

61.	 Gregory Bingham denies the allegations of paragraph 61 of the complaint.

62.	Gregory Bingham denies the allegations of paragraph 62 of the complaint.

63.	Gregory Bingham admits that Exhibit A appears to be a letter sent to and received by Gregory Bingham and that Exhibit A speaks for itself.  Gregory Bingham denies all other allegations of paragraph 63 of the complaint.

64.	Gregory Bingham admits he ultimately saw Exhibit B and that Exhibit B speaks for itself. Gregory Bingham denies all other allegations of paragraph 64 of the complaint.

65.	Gregory Bingham denies the allegations of paragraph 65 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to each and every count of the complaint, plaintiff fails to state a claim upon which relief maybe granted.

## SECOND AFFIRMATIVE DEFENSE

Counts I, II and III of the complaint are barred by the doctrines of wiaver, laches, estoppel and acquiescence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff does not own and has no rights in the trademark/service mark "urb inc."

## FOURTH AFFIRMATIVE DEFENSE

Admitting *ad arguendo* that plaintiff may have once owned rights in the trademark/service mark "urb inc," plaintiff abandoned those rights when it failed to exercise any quality control over the use of that mark by the Joint Venture and/or the alleged licensee.

## FIFTH AFFIRMATIVE DEFENSE

The term "urb" is an abbreviation of the word "urban." Both the term "urban" and "urb" are generic for and/or merely descriptive of plaintiff's goods and services i.e. real estate business.

## SIXTH AFFIRMATIVE DEFENSE

Neither the term "urb" or "urb, inc" have acquired secondary meaning for plaintiff's goods and services.

Respectfully Submitted,

April 3, 2008                By:     _s/Catherine Simmons-Gill___
                                     Attorney for Defendant Gregory Bingham

Catherine Simmons-Gill, Esq.
Offices of Catherine Simmons-Gill
221 North LaSalle Street
Suite 2036
Chicago, IL 60601
Tel: 312 609 6611
ARDC Number 2159058