IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| URB, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 582 |
| ) | |
| v. ) | Judge Joan B. Gottschall |
| ) | |
| STARTREHAB, INC., ROBERT ) | Magistrate Judge Geraldine Soat Brown |
| BINGHAM and GREGORY BINGHAM, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| PIONEER SERVICES, LLC and 7303 ) | |
| INCORPORATED d/b/a/ STARTREHAB, ) | |
| INC. ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| URB, INC., XEZ, INC. and ) | |
| ANTHONY URBANOWSKI ) | |
| ) | |
| Third-Party Defendants. ) | |

**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM AND PLEAD FRAUD WITH PARTICULARITY**

Third-Party Defendants Urb, Inc. ("Urb"), XEZ, Inc. ("XEZ") and Anthony Urbanowski ("Urbanowski") (collectively, "Third-Party Defendants"), by and through their undersigned counsel, and pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move the Court for an order dismissing Third-Party Plaintiffs' Complaint for failure to state a claim upon which relief may be granted and failure to plead fraud with the required particularity. Third-Party Defendants herewith file their supporting memorandum of law, and state the following:

1. Count I (Breach of Contract) should be dismissed because it fails to state a claim for breach of contract.  There are no factual allegations as to an offer and acceptance, consideration, the definite terms of the contract, or the required conditions of the alleged contract to withstand dismissal.  *See Burrell v. City of Mattoon*, 378 F.3d 642, 651-52 (7th Cir. 2004).

2. Count II (Conversion) should be dismissed because it fails to state a claim for conversion.  Third-Party Plaintiffs fail to allege that Third-Party Defendants took unauthorized or wrongful control of the identified property, fail to allege that Third-Party Plaintiffs had an absolute and unconditional right to the immediate possession of the property, or that Third-Party Plaintiffs made a demand for the referenced property.  *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005).

3. Count III (Tortious Interference with Contractual Relations) should be dismissed with prejudice because it fails to identify any contracts that were established at the time of the alleged activity and that Third-Party Defendants' conduct interfered with those established contracts.  *See Burrell v. City of Mattoon*, 378 F.3d 642, 651-52 (7th Cir. 2004).

4. Count IV (Fraud) should be dismissed with prejudice as it fails to plead a fraud claim with the required specificity, omitting necessary details regarding dates, times, places, names and the particular statements alleged to be fraudulent.  *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).  Further, Third-Party Plaintiffs' fraud count is nothing more than an attempt to convert a breach of contract claim into a fraud claim. *See Mark v. Keycorp Mortg. Inc.*, No. 95 C 4878, 1996 WL 465400, at *4 (N.D. Ill. Aug. 8, 1996).

WHEREFORE, for the reasons stated herein and in the supporting Memorandum of Law, the Third-Party Defendants request that this Court enter an order dismissing the Complaint in its

entirety, and with prejudice as to Counts III (Tortious Interference with Contractual Relations) and IV (Fraud).

In support of this Motion, the Third-Party Defendants file herewith their Memorandum in Support. In addition, for the Court's convenience, the Third-Party Defendants have attached a copy of Third-Party Plaintiffs' Third-Party Complaint as Exhibit 1, a copy of the original Complaint as Exhibit 2, and copies of the unpublished cases cited in the memorandum of law as Exhibit 3.

WHEREFORE, the Third-Party Defendants respectfully request that the Court dismiss the Third-Party Plaintiffs' Third-Party Complaint.

DATED: May 12, 2008                                URB, INC., XEZ, INC., and ANTHONY
                                                   URBANOWSKI


                                                   By:  /s/ Marla R. Shade
                                                   Attorney for Plaintiff/Third-Party Defendants

                                                   William E. Meyer, Jr.
                                                   Marla R. Shade
                                                   SCHIFF HARDIN LLP
                                                   6600 Sears Tower
                                                   Chicago, Illinois 60606
                                                   (312) 258-5500 (telephone)
                                                   (312) 258-5600 (fax)
                                                   wmeyer@schiffhardin.com
                                                   mshade@schiffhardin.com