IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| URB, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 582 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| STARTREHAB, INC., ROBERT BINGHAM and GREGORY BINGHAM, individually, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PIONEER SERVICES, LLC and 7303 INCORPORATED d/b/a/ STARTREHAB, INC. | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| URB, INC., XEZ, INC. and ANTHONY URBANOWSKI | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Third-Party Defendants Urb, Inc. ("Urb"), XEZ, Inc. ("XEZ") and Anthony Urbanowski ("Urbanowski") (collectively, "Third-Party Defendants") by and through their undersigned counsel, and pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submit the following memorandum of law in support of their motion for an order dismissing Third-Party Plaintiffs' Complaint for failure to state a claim upon which relief may be granted and for failure to plead their fraud claim with the required particularity.

## INTRODUCTION AND BACKGROUND

Urb, Inc. and XEZ, Inc. are Illinois corporations engaged in the business of buying real property and selling real property. Non-party Brian Urbanowski is principal of Urb, Inc. and XEZ, Inc., and the brother of Third-Party Defendant Anthony Urbanowski. Anthony Urbanowski is an employee of Urb, Inc. and XEZ, Inc. Beginning on or about 1999, Brian Urbanowski and Greg Bingham agreed to share offices located on Old Orchard Road in Skokie, Illinois in order to embark upon marketing efforts to further both of their interests in the real property business. Entities owned and/or operated by Brian Urbanowski and Greg Bingham later shared offices at 7303 S. Cicero, Lincolnwood, Illinois while continuing their marketing efforts. Urb, Inc. was the named leaseholder of the offices located at 7303 S. Cicero, Lincolnwood, Illinois.

To the extent that Greg Bingham or StartRehab was allowed to use the Urb trademarks during the marketing efforts, they did so solely based on a limited oral or implied license from Urb. Greg Bingham understood that the oral or implied license would terminate if the parties no longer shared offices and/or cooperated in marketing efforts. Greg Bingham's and StartRehab's limited license was terminated when the parties ceased to share offices and ceased their cooperative marketing efforts in August 2006.

After that separation, Greg Bingham, Robert Bingham and StartRehab ceased paying their share of the marketing costs and removed equipment from the 7303 S. Cicero offices once used in furtherance of both corporations' activities. Notwithstanding the termination of its oral and/or implied license to use the Urb trademarks prior to August 2006, StartRehab continues to use the trademark without authorization to do so, in violation of Urb's trademark rights by securing at least two web-based domain names that reroute website visitors to a StartRehab

website. This rerouting is clearly designed to mislead visitors into believing that the StartRehab site is affiliated with Urb, Inc.

After repeated demands for payment and return of property, and StartRehab's refusal to cease rerouting web-visitors to its website, Urb, Inc. filed a Complaint against StartRehab, Greg Bingham and Robert Bingham in January 2008, alleging StartRehab's breach of oral contract, unjust enrichment, improper and unauthorized use of Urb's trademarks amounting to a violation of the Lanham Act, and deceptive trade practices.

In April 2008, Third-Party Plaintiffs filed their Third-Party Complaint alleging that between 1999 and August 2006, the parties marketed real properties owned by Urbanowski entities or Bingham entities and that the fixed expenses were divided evenly between the parties. They further allege that the Third-Party Defendants removed several assets used by both parties while furthering their marketing efforts and began transferring assets to the name of various entities owned or operated by Brian Urbanowski. The Third-Party Complaint alleges breach of contract, conversion, tortious interference with contractual relations and fraud.

## ARGUMENT

Third-Party Plaintiffs' Complaint should be dismissed because the claims contained fail to state a claim under the substantive law of Illinois. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Third-Party Defendants challenge the legal sufficiency the Third-Party Complaint to state claims upon which relief may be granted. *Fed. R. Civ. Pro.* 12(b)(6); *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). A court ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must "accept all factual allegations in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff." *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). At the same time, however, "the court is not required to ignore facts alleged in the complaint that undermine the plaintiff's

claim." *Id.* As discussed more fully below, the Third-Party Complaint must be dismissed in its entirety because it fails to state a claim against the Third-Party Defendants. In addition, Third-Party Plaintiffs' vague averments of fraud fail to set forth a claim with the particularity required by Federal Rule of Civil Procedure 9(b).

    A.    **<u>THIRD-PARTY PLAINTIFFS FAIL TO ALLEGE FRAUD WITH REQUIRED PARTICULARITY</u>**

Count IV of the Third-Party Complaint attempts to assert a claim of fraud against Third-Party Defendants. Specifically, Third-Party Plaintiffs assert that Third-Party Defendants' "acts and words...constituted a deliberate and intentional representation of the viability of the Joint Venture and the apparent willingness of third party defendants to engage in the Joint Venture." (Third-Party Compl. at ¶63). It is further alleged that Third-Party Defendants "deliberately concealed their activities detrimental to the Joint Venture from their Joint Venture partner." (Third-Party Compl. at ¶66).

Federal Rule of Civil Procedure Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Fed. R. Civ. P.* 9(b). Thus, in order to satisfy the requirements of Rule 9(b), Plaintiffs must allege with specificity each of the following elements of fraud claim:

    (1)    that the defendant made a statement or omitted telling the defendant information;

    (2)    that the statement or omission was material;

    (3)    that the statement was untrue;

    (4)    that the defendant knew the statement was untrue or was in culpable ignorance of the statement's veracity;

    (5)    that the defendant had the intent that plaintiff rely on the statement; and

    (6)    the reliance resulted in damages to the plaintiff.

4

*Joyce v. Morgan Stanley & Co., Inc.*, No. 06 C 4754, 2007 WL 967933, at *5 (N.D. Ill. Mar. 29, 2007).

The purpose of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint. *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999). The heightened pleading requirement acknowledges the "great harm to the reputation of a business firm or other enterprise a fraud claim can do." *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal citations omitted).

In this case, the fraud count fails because Third-Party Plaintiffs are unable to point to any specific statements of fact, let alone *material* misstatements of fact, that any particular Third-Party Defendant conveyed to them. They also fail to allege any facts demonstrating that the Third-Party Defendants knowingly made false statements with the intent of inducing Third-Party Plaintiffs to rely on those statements, that Third-Party Plaintiffs <u>justifiably</u> relied on those statements and were damaged as a result.

To be sure, Third-Party Plaintiffs' fraud count is nothing more than an attempt to convert a breach of contract claim into a fraud claim (although their breach of contract count should also be dismissed as discussed below). *Mark v. Keycorp Mortg. Inc.*, No. 95 C 4878, 1996 WL 465400, at *4 (N.D. Ill. Aug. 8, 1996) (holding that it is a well accepted rule that a cause of action does not arise when the alleged fraud is related to a breach of contract). *Jada Toys, Inc. v. Chicago Import, Inc.*, No. 07 C 699, 2008 WL 1722140, at *1 (N.D. Ill. Apr. 10, 2008) (holding that under Illinois law, misrepresenting an intention to perform future conduct, even if made without a present intention to perform, does not constitute fraud).

Accordingly, the absence of any particularized facts as to the elements of the asserted fraud claim warrants the dismissal of Count IV.

### B. THIRD-PARTY PLAINTIFFS FAIL TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

Third-Party Plaintiffs next allege that Third-Party Defendants "secretly and knowingly set about a course of action designed to disable the ability of the Joint Venture and the Bingham Entities to continue to do business" (Third-Party Compl. at ¶58), thus supposedly constituting a claim for tortious interference with contractual obligations.

Under Illinois law, to establish a claim for tortious interference with contractual relations, the plaintiff must demonstrate the following elements: (1) a valid and enforceable contract; (2) defendants' awareness of the contractual obligation; (3) defendants' intentional and unjustified inducement of the breach; (4) subsequent breach caused by defendants' unlawful conduct; and (5) damages as a result of the breach. *Burrell v. City of Mattoon*, 378 F.3d 642, 651-52 (7th Cir. 2004). In order to survive a motion to dismiss, a claim for tortious interference with contractual relations requires more than the "inability of the Bingham Entities to continue to operate their businesses for a substantial period of time." (Third-Party Compl. at ¶59); *See George A. Fuller Co., a Div. of Northrop Corp. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1331 (7th Cir. 1983) (Illinois law requires more than conduct rendering performance of the contract more burdensome). It requires an actual contract to have been breached as a result of the defendants' conduct. *Burrell,* 378 F.3d at 651-52.

In the instant case, Third-Party Plaintiffs do not even allege that there was a single specific valid and enforceable contract in place with which Third-Party Defendants' supposedly interfered. Future contracts or theoretical contracts cannot support a claim for tortious interference with contractual relations. Moreover, there is not a single allegation that Third-

6

Party Defendants were aware of any such contractual relations. Nor is there an allegation that Third-Party Defendants intentionally induced the breach of said contractual relations. Accordingly, Third-Party Plaintiff's Complaint fails to state a cause of action for intentional interference with contractual relations because no actual contractual relations are alleged. Third-Party Plaintiffs' cause of action for tortious interference with contractual relations (Count III) should be dismissed with prejudice.

      C.     **THIRD-PARTY PLAINTIFFS FAIL TO STATE A CLAIM FOR CONVERSION**

Count II of the Third-Party Complaint purports to state a claim for conversion against Third-Party Defendants. Specifically, Third-Party Plaintiffs assert that Third-Party Defendants "removed, used and continue to use for their own benefit, and to date have failed to return, furniture, equipment, hardware, software, phone lines, phone numbers, files and other intellectual and personal property belonging to the Joint Venture and the Bingham Entities." (Third-Party Compl. at ¶54).

In order to recover for conversion in Illinois, a plaintiff must show: (1) a right to the property; (2) an absolute and unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005). The essence of conversion claim is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held. *Horbach v. Kazcmarek*, 288 F.3d 969, 978 (7th Cir. 2002). At minimum, the basic elements of the claim for conversion must be alleged to survive a motion to dismiss. *See First Community Nat'l Bank v. General Tire, Inc.*, No. 89 C 20298, 1990 WL 41126, *3 (N.D. Ill. Mar. 26, 1990).

Here, even if the Court takes all of Third-Party Plaintiffs' allegations as true, Third-Party Plaintiffs have not properly alleged a claim for conversion. Third-Party Plaintiffs fail to allege that Third-Party Defendants took unauthorized or wrongful control of the identified property, fail to allege that Third-Party Plaintiffs had an absolute and unconditional right to the immediate possession of the property, and fail to allege that Third-Party Plaintiffs made a demand for the referenced property. They merely assert that they have not had access to the property. This does not constitute a claim for conversion.

Accordingly, Third-Party Plaintiffs' Complaint does not allege the minimal elements for a cause of action for conversion and Third-Party Defendants respectfully move that the conversion count (Count II) be dismissed.

### D.  THIRD-PARTY PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT

In their breach of contract claim (Count I), Third-Party Plaintiffs assert that Third-Party Defendants breached an oral contract when Third-Party Defendants removed the personal and intellectual property of the alleged joint venture in August 2006 and failed to pay their portion of previously incurred joint venture expenses. (Third-Party Compl. at ¶51). Although a plaintiff in federal court is only required to provide "a short and plain statement showing that [he] is entitled to relief" (*Fed. R. Civ. P.* 8(a)(2)), Third-Party Plaintiffs here fail to state even the basic elements of a breach of contract claim.

Under Illinois law, the elements of a breach of contract cause of action are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Association Ben. Services, Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 849 (7th Cir. 2007).

A review of the Third-Party Complaint shows that there are absolutely no factual allegations to withstand a motion to dismiss for failure to state a claim for breach of contract. The allegations do not speak to the formulation of the contract nor do they state the conditions of the alleged contract relative to the "real and intellectual property." (Third-Party Compl. at ¶51). Namely, there are no allegations regarding an offer and acceptance, consideration, the definite terms of the alleged contract, or the alleged "commitments" that Third-Party Plaintiffs allege that they fulfilled pursuant to the contract. (Third-Party Compl. at ¶50). To the contrary, Third-Party Plaintiffs simply recount the entities' operating procedure or course of dealing while cooperating in marketing efforts.

Therefore, Third-Party Defendants respectfully move that Count I be dismissed for failure to state claim for breach of contract.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants Urb, Inc., XEZ, Inc. and Anthony Urbanowski respectfully request that this Court enter an order dismissing the Complaint in its entirety, and with prejudice as to Counts III and IV.

DATED: May 12, 2008

URB, INC., XEZ, INC., and ANTHONY URBANOWSKI

By: /s/ Marla R. Shade
Attorney for Plaintiff/Third-Party Defendants

William E. Meyer, Jr.
Marla R. Shade
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500 (telephone)
(312) 258-5600 (fax)
wmeyer@schiffhardin.com
mshade@schiffhardin.com